**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION**

| | | |
|---|---|---|
| **DOMINIC WASHINGTON,** | ) | |
| | ) | |
| **Plaintiff** | ) | **Case No. 18-cv-50368** |
| | ) | |
| | ) | |
| | ) | |
| **MAGNA EXTERIORS,** | ) | **Plaintiff demand trial by jury** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF DOMINIC WASHINGTON'S COMPLAINT

Dominic Washington, ("Plaintiff" or "Mr. Washington"), by and through his attorneys, Washington Law Offices, P.C. complain as follows against Defendant, Magna Exteriors ("Magna" or "Defendant"), in support of his complaint Plaintiff states as follows:

## NATURE OF ACTION

1. Plaintiff, Dominic Washington, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 and 42 U.S.C. § 1981, to remedy acts of employment discrimination, retaliation, and discharge perpetrated against him by the Magna Exteriors ("MAGNA").

2. Over the course of Plaintiff's nine-month employment history with MAGNA, Defendant subjected Plaintiff to unlawful discrimination because of his race and retaliated against Plaintiff for filing an EEOC complaint. Plaintiff contends that MAGNA's officials discriminated against him by treating him differently from similarly situated Caucasian counterparts.

## INTRODUCTION

3. This is an action for racial discrimination under Title VII Civil Rights Act of 1964 as amended and 42 U.S.C. 1981. Plaintiff's claims are based on racial discrimination by MAGNA EXTERIORS. There is federal jurisdiction over the claims raised in this complaint as there are federal questions involving Defendant' violation of Title VII Civil Rights Act of 1964 as amended and 42 U.S.C. 1981.

## PARTIES, JURISDICTION, AND VENUE

### PARTIES

4. Plaintiff Dominic Washington is an Illinois citizen who worked in Belvidere, Illinois located within this judicial district and division which forms the basis of the instant lawsuit.

5. Defendant MAGNA is an United States and Canadian Corporation with corporate headquarter at 337 *Magna* Drive Aurora, ON L4G 7K1 Canada and Novi, Michigan. Defendant is a foreign Illinois corporation and is subject to the jurisdiction of this Court. *Exh 1 and 2.*

6. Magna operates at 675 Corporate Parkway, Belvidere, IL 61008 in Boone County, Illinois.

### JURISDICTION AND VENUE

7. The Court has jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964 amended claims by 28 U.S.C. §§ 1331, 1343 (a)(3), and 42 U.S.C. § 2000e-5.

8. Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5; as MAGNA employed Plaintiff. During Plaintiff's employment, Plaintiff's employment records were maintained by MAGNA in this judicial district and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

9. All complained of acts took place in Belvidere, Illinois within this District and Division.

10. The venue is proper in this District because all the conduct at issue took place within this District and Division, the Defendant is in the Northern District of Illinois, Western Division.

## PROCEDURAL REQUIREMENTS

11. Plaintiff has complied with all statutory prerequisites to filing this action.

12. On August 25, 2017, Mr. Washington filed an EEOC Complaint charging Defendant MAGNA with unlawful discriminatory employment practices based on race and retaliation. *Exh 3.* On August 27, 2018, the EEOC issued a Notice of Suit Rights ("Right to Sue Letter") allowing Mr. Washington to pursue his claims of unlawful employment discrimination based on race in state or federal court against MAGNA. *Exh 4.*

13. This action was filed against MAGNA within 90 days of Plaintiff's receipt of his Right-to-Sue letter from the EEOC.

14. All other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

15. Plaintiff Dominic Washington, is an African American male, the only black Process Engineer Manager employed by MAGNA from December 2016 to September 2017.

16. Prior to offering Plaintiff employment at Magna, Mr. Washington was interviewed via telephone twice by Martin Tremonit (Plaintiff's Direct Supervisor) and Josh Gasaway (Magna's Belvidere Plant Manager). Mr. Tremonti and Mr. Gasaway met Mr. Washington the first time in person after he was hired on December 12, 2016.

17. From December 2016 to September 2017, Mr. Washington was an employee of Magna Exteriors. Mr. Washington was employed as a Process Engineer Manager and then demoted to an inferior non-degree position as a Production Manager. As a Process Engineer Manager, Mr. Washington oversaw five to eight Engineers, overseen workflow of the Engineers and

implementation of new processes.

18. For the first five months, his schedule was maintainable. Thereafter, Mr. Washington was demoted to Production Manager. Mr. Washington was demoted from a middle management position to a frontline manager, which did not require a degree.

19. Prior to being demoted, Mr. Washington worked approximately 50 hours per week. After being demoted his work hours increased to 80 hours per week. Many weeks without a day off.

20. Throughout his employment with Magna, upper management consistently subjected Plaintiff to racial discrimination, alienation, and humiliation.

21. On a consistent basis, Mr. Tremonti would use racial slurs in reference to Mr. Washington.

22. On one specific occasion, amongst a group of Caucasian workers, Mr. Tremonti referred to Mr. Washington as "Tiger Woods" and the speculators laughed.

23. Throughout employment with Magna, Plaintiff was treated differently from his White counterparts.

24. Plaintiff was not properly trained as his Caucasian counterparts. Despite asking Mr. Tremonti for additional training, his request was denied.

25. Plaintiff incurred additional disparate treatment. When locating closer to the facility, Plaintiff's Caucasian counterparts were given five to seven days off to relocate their family. Mr. Washington was only given one day to relocate his family from Indiana to Illinois.

26. Mr. Washington was subjected to humiliation when he was instructed by Mr. Tremonti to wipe down the facility, mop floors, paint bins and carts in his professional attire. Mr. Tremonti did not subject other similarly situated white counterparts to this humiliation.

27. From the beginning of employment until Mr. Washington's termination, Plaintiff believes he was discriminated against based upon race by Defendant. Plaintiff is seeking relief under Title VII of

the Civil Rights Act of 1964 as amended and 42 U.S.C § 1981.

28. The actions that give rise to this suit are the continual discrimationary actions on behalf of Magna's Upper Management.

## COUNTS

## COUNT I

## DAMAGES PURSUANT TO 42 U.S.C.1981 RETALIATION AGAINST PLAINTIFF

29. Plaintiff repeat and realleged Paragraphs 1 through 28 as for his paragraph 29 of this Count I as though fully set forth herein.

30. This is an action for damages pursuant to the provisions of 42 U.S.C. 1981.

31. Defendant retaliated against Plaintiff, by terminating his employment, for having engaged in protected activity.

32. Plaintiff filed a Racial Discrimination charge on August 25, 2017. On or about September 2017 Defendant fired Plaintiff.

33. Defendant acted with malice or reckless indifference to the federally protected rights of the Plaintiff.

34. Defendant indirectly and directly discriminated against Plaintiff in the workplace.

35. Defendant has discriminated against Plaintiff based upon his race in violation of Section 1981 by denying him the same terms and conditions of employment available to employees who are not African-American.

36. As a direct and proximate result of Defendant unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered and continue to suffer severe mental anguish, emotional distress, including but not limited to humiliation, embarrassment, loss of self-esteem and self-

confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

37. Defendant's unlawful and discriminatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

38. As a direct and proximate result of Defendant violation of 42 U.S.C 1981, Plaintiff has sustained significant injuries and damages more than $600,000.00, along with punitive damages and an award to Plaintiff of his reasonable attorney's fees and costs incurred in the prosecution of this action pursuant to the provisions of 42 U.S.C. 1981. Along with such other relief that the Court deems equitable and just.

**COUNT II**

**SECTION 1981 RACE DISCRIMINATION AGAINST PLAINTIFF DOMINIC WASHINGTON**

39. Plaintiff repeats and reallege Paragraphs 1 through 38 as and for his paragraph 39 of this Count II as though fully set forth herein.

40. This is an action for discrimination in violation of Title VII.

41. The conduct of Defendant was pervasive.

42. The conduct of Defendant was unwelcome.

43. Defendant discriminated against Plaintiff with malice and/or reckless indifference to his federally protected rights.

44. Defendant's actions in engaging in and permitting race-based harassment against Plaintiff caused him to suffer severe emotional distress, humiliation, depression, anxiety, pain, and suffering, lost wages and benefits, future pecuniary losses, inconvenience, loss of enjoyment of life, and other compensatory and consequential damages.

WHEREFORE, Plaintiff prays this Court to enter judgment on his behalf and against Defendant Magna providing:

A. Defendant has discriminated against Plaintiff in violation of Title VII;
B. All wages and benefits the Plaintiff would have received but for the unlawful employment practices;
C. Reinstatement to his former position, or in lieu of reinstatement, an order of front pay and benefits for a reasonable period of time;
D. Compensatory and punitive damages;
E. Attorneys' fees and costs;
F. Pre-judgment interest;
G. Post-judgment interest; and
H. Such other further relief as the Court deems appropriate.

45. Throughout Plaintiff's employment with MAGNA, Mr. Washington has been singled out by MAGNA's upper management - including his direct supervisors. Managers subjected him to humiliation, intimidation, improper directions, demotion, and termination.

**COUNT III**

**WRONGFUL TERMINATION BASED ON RACE AGAINST DEFENDANT DOMINIC WASHINGTON**

46. Plaintiff repeats and reallege Paragraphs 1 through 45 as and for his paragraph 46 of this Count III as though fully set forth herein.

47. This is an action for discrimination in violation of Title VII.

48. The conduct of the Defendant was pervasive.

49. The conduct of the Defendant was unwelcome.

50. Defendant discriminated against Plaintiff with malice and/or reckless indifference to his federally protected rights.

51. Defendant's actions in engaging in and permitting race-based harassment against Plaintiff caused him to suffer severe emotional distress, humiliation, depression, anxiety, pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, inconvenience and loss of enjoyment of life, and other compensatory and consequential damages.

WHEREFORE, Plaintiff prays this Court to enter judgment on his behalf and against Defendant Magna providing:

A. Defendant has discriminated against the Plaintiff in violation of Title VII;
B. All wages and benefits the Plaintiff would have received but for the unlawful employment practices;
C. Reinstatement to his former position, or in lieu of reinstatement, an order of front pay and benefits for a reasonable period of time;
D. Compensatory and punitive damages;
E. Attorneys' fees and costs;
F. Pre-judgment interest;
G. Post-judgment interest; and
H. Such other further relief as the Court deems appropriate.

**JURY DEMAND**

67. Plaintiff respectfully demands a jury on all issues so triable herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter an order entering a judgment in favor of Plaintiff:

A. For damages more than $600,000.00, along with the award to Plaintiff of his reasonable attorney's fees and costs incurred in the prosecution of this action punitive damages, along with such other relief that the Court deems equitable and just.

B. Plaintiff demand trial by jury.

C. An award to Plaintiff of such other and further relief that this Court determines at law or in equity.

Respectfully submitted,

/s/ Maudia Washington

Maudia N. Washington
6319403
Washington Law Offices, P.C.
155 N. Wacker Drive
Suite 4250
Chicago, IL 60606
888.586.4441
Attorney for Plaintiff
maudia@ilwashingtonlaw.com

## VERIFICATION

Subject to the penalties of perjury, the undersigned states that I have knowledge of the matters alleged in the foregoing document and that the statements contained therein are true to the best of my knowledge and belief.

/s/ Maudia Washington

MAUDIA WASHINGTON
WASHINGTON LAW OFFICES, P.C.
6319403
155 N. WACKER DRIVE
SUITE 4250
CHICAGO, IL 60606
888.586.4441

WASHINGTON LAW OFFICES, P.C.
40 DUPAGE COURT
SUITE 113
ELGIN, IL 60120

**CERTIFICATE OF SERVICE**

The undersigned hereby certify that on November 23, 2018, the foregoing Plaintiff's Complaint was filed electronically with the clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system:

/s/ Maudia Washington

MAUDIA WASHINGTON
WASHINGTON LAW OFFICES, P.C.
6319403
155 N. WACKER DRIVE
SUITE 4250
CHICAGO, IL 60606
888.586.4441

WASHINGTON LAW OFFICES, P.C.
40 DUPAGE COURT
SUITE 113
ELGIN, IL 60120